**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                 )
**WILBUR L. MONDIE,**            )
                                 )
          Plaintiff,             )     **Civil Action No. 01-1077 (RWR)**
                                 )
          v.                     )
                                 )
**INTERNAL REVENUE SERVICE,**    )
**et al.,**                      )
                                 )
          Defendants.            )
_____)

<u>**ORDER FOR SUPPLEMENTAL BRIEFING**</u>

        Defendants have filed a motion under Federal Rule of Civil

Procedure 12(b)(1) arguing that the court lacks subject matter

jurisdiction over plaintiff's claims because he did not timely

file his claim for refunds, a condition of the United States's

waiver of sovereign immunity.  Plaintiff opposes, arguing in a

one-and-a-half page opposition that he did timely file his claim

for refunds and that the timeliness of his filing "is an issue

for the trier of fact."  (Pl.'s Mem. in Supp. of Pl.'s Resp. to

Mot. in Limine ("Pl.'s Mem.") at 1.)

        Before a court may address the merits of a complaint, it

must be assured that it has the authority to exercise

jurisdiction over the claims.  <u>See</u> <u>Scott v. England</u>, 264 F. Supp.

2d 5, 8 (D.D.C. 2002) (citing <u>Steel Co. v. Citizens for a Better</u>

<u>Env't</u>, 523 U.S. 83, 94-95 (1998)).  Under Rule 12(b)(1), a

defendant may move to dismiss a claim based on the court's lack

-2-

of jurisdiction over the subject matter, and the plaintiff bears
the burden of establishing by a preponderance of the evidence
that the court has subject matter jurisdiction.  See Forrester v.
United States Parole Comm'n, No. 03-1075, 2004 WL 540503, at *4
(D.D.C. Mar. 18, 2004); see also McNutt v. Gen. Motors Acceptance
Corp., 298 U.S. 178, 189 (1936) (noting that the plaintiff "must
carry throughout the litigation the burden of showing that he is
properly in the court").  Because subject matter jurisdiction
focuses on the court's authority to hear the claim, a court must
"conduct a careful inquiry and make a conclusive determination
whether it has subject matter jurisdiction or not," 5A Charles A.
Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d
("Wright & Miller") § 1350 (1990), by examining the complaint
and, "where necessary,  . . . [by] consider[ing] the complaint
supplemented by undisputed facts evidenced in the record, or the
complaint supplemented by undisputed facts plus the court's
resolution of disputed facts."  Coalition for Underground
Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).  A
defendant's challenge to the jurisdictional facts requires a
resolution of those disputed facts.  See Wright & Miller, § 1350;
see also Artis v. Greenspan, 223 F. Supp. 2d 149, 154 (D.D.C.
2002).

-3-

Plaintiff offers no evidence that he timely filed his claim for refunds, but asserts that he "has taken the position [that he has timely filed] in all aspects of this case, including his deposition by the United States . . .."[1]  (Id. at 1.)  Without evidentiary support, plaintiff's assertions do not establish that this court has subject matter jurisdiction over his claims.  The factual dispute is one that must be resolved by the court, and not by a jury as plaintiff contends.  Accordingly, it is hereby

ORDERED that plaintiff file by May 28, 2004, supplemental memoranda and proof responding to defendants' claim that plaintiff has not satisfied his burden of establishing subject matter jurisdiction.  It is further

---

[1]     Plaintiff appended as Exhibit A2 to his Complaint a "Claim for Refund and Request for Abatement" which he asserts was filed on February 18, 1997.  (Compl. ¶ 11, Ex. A2 of 3.)  That copy of the claim does not bear plaintiff's signature or date on which plaintiff filed the claim, though what appears to be a file location notation appears at the bottom of the exhibit. Plaintiff notes that the file notation indicates that the claim may have been created on January 29, 1997.  (Compl. ¶ 11.)  Even assuming that the claim may have been drafted in January, there is nothing in the record to suggest that it was filed on February 18, 1997.

In addition, plaintiff noted in Exhibit A2 that his claim for refund was timely "despite the fact 4 of the 5 payments as shown . . . exceed [the statutory time period]."  (Id. Ex.A2 at 3.)  Plaintiff asserted then that the filing was overdue because of the Internal Revenue Service's failure to consider his Offer to Compromise and contended without legal support that he "should not be penalized for the IRS['s]" delay.  (Id.)  These exhibits alone do not satisfy plaintiff's burden of establishing subject matter jurisdiction by the preponderance of the evidence.

-4-

ORDERED that the parties file by May 21, 2004 a joint status report proposing 3 alternative dates for a continued status hearing.  It is further

ORDERED that the status hearing scheduled for Friday, May 21, 2004 at 4 p.m. be, and hereby is, CONTINUED.

SIGNED this 14th day of May, 2004.


_____
RICHARD W. ROBERTS
United States District Judge

-5-

**APPENDIX A**


[*Form of Joint Pretrial Statement to be Filed* **Eleven Days before Pretrial Conference**]

[**CASE CAPTION**]


<u>JOINT PRETRIAL STATEMENT</u>

**1.   <u>Parties and Counsel:</u>**  List names, addresses, and telephone numbers of all parties and counsel on whose behalf this Statement is filed.

**2.   <u>Nature of the Case:</u>**  Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction.  The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

**3.   <u>Claims and/or Defenses:</u>**  Give a statement of claims setting forth, concisely, each party's claims against any other party (*including counter-, cross-, and third-party claims*) and the party or parties against whom the claim is made.  The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

**4.   <u>Undisputed Issues/Stipulations:</u>**  List all issues not in dispute or facts to which the parties have stipulated.

**5.   <u>Witness Schedule:</u>**  List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses.  The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination. Opinion witnesses shall be designated by an asterisk.  Witnesses called for impeachment purposes only need not be listed. However, no party may call at trial any witness not listed (*except for impeachment purposes*) on their Pretrial Statement.

**6.   <u>Exhibit List:</u>**  Describe each exhibit to be offered in evidence, including (*if possible*) rebuttal exhibits, with each exhibit identified by number, title, and date (*if applicable*).

No exhibit will be admitted at trial unless it is listed on the
Pretrial Statement.  Each exhibit listed will be deemed authentic
and admitted at trial unless an objection is made in the Joint
Pretrial Statement and its basis is articulated.  **If there are
objections to an exhibit in the Joint Pretrial Statement, the
exhibit should be produced at the Pretrial Conference for the
Court's review.**

7.  <u>**Deposition Testimony:**</u>  Identify each deposition or portion
thereof (*by page and line numbers*) the party intends to offer in
evidence.  Any cross-designation sought by any other party must
be made at or before the final Pretrial Conference.

8.  <u>**Relief Sought:**</u>  Set forth separately each element of damages
and the monetary amount claimed, including prejudgment interest,
punitive damages, and attorneys' fees.  Do not include amounts
claimed for intangible damages.  Set forth all other types of
relief sought against any party.

9.  <u>**Pending Motions:**</u>  List all pending motions showing title and
filing date.  List any motions to be decided at commencement of
trial.

10.  <u>**Trial Brief:**</u>  A trial brief addressing any unusual issues of
fact or evidence not already submitted to the Court shall be
filed with the pretrial statement.

11.  <u>**Motions in Limine:**</u>  Motions in limine shall be filed with
the Court and served on opposing counsel no later than twenty
calendar days before the date of the pretrial conference;
oppositions shall be due not later than fifteen calendar days
before the pretrial conference.  Counsel are to provide the Court
with hand-delivered courtesy copies of these submissions.

12.  <u>**Demonstrative Evidence, Physical Evidence, Videotapes:**</u>
Describe all such items to be offered at trial.  Any objections
must be made in the Joint Pretrial Statement.

13.  <u>**Jury Cases:**</u>  Submit list of requested voir dire questions,
showing those agreed upon and not agreed upon; submit list of
standard instructions showing those agreed upon and not agreed
upon; submit complete text of non-standard instructions with
authorities relied upon showing those agreed upon and not agreed
upon; submit text of verdict form, including any special
interrogatories.  **Submit a 3½ inch 1.44 MB high density computer**

–7–

diskette compatible with Word Perfect Version 8.0 bearing all of
the items identified in this paragraph.

14.  **Non-Jury Cases:**  Submit detailed proposed findings of fact
and conclusions of law with supporting authorities.  **Submit a 3½
inch 1.44 MB high density computer diskette compatible with Word
Perfect Version 8.0 bearing all of these proposed findings and
conclusions.**

15.  **Estimated Length of Trial:**  List number of days, and any
scheduling problems with witnesses.

16.  **Miscellaneous Matters:**

        The following should be included after the signatures of
counsel:

        The foregoing Joint Pretrial Statement, as revised at the
Pretrial Conference in the presence of counsel, shall stand as
the Pretrial Order in this case.


_____          _____
        DATE                         RICHARD W. ROBERTS
                                     United States District Judge